UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00044-TBR

RICHARD ROSS,  Plaintiff
*individually and on behalf of all other similarly situated*

v.

JACK RABBIT SERVICES, LLC,  Defendants
*and*
JACK RABBIT USA, LLC

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Richard Ross's Motion for Conditional Class Certification. (Docket No. 7.) Neither Defendant Jack Rabbit Services, LLC, nor Defendant Jack Rabbit USA, LLC, has responded in opposition, and the time to do so now has passed. Accordingly, this matter is ripe for adjudication.

BACKGROUND

Plaintiff brings this action for unpaid wages pursuant to the Fair Labor Standards Act (FLSA), challenging the Defendants' policy and practice of classifying workers as independent contractors. Defendants are in the business of providing roadside assistance services, such as changing tires, providing jump starts, and delivering fuel. Defendants appear to serve some 50 locations across more than a dozen states. According to Plaintiff, Defendants employ or have employed over 1,000 roadside assistance technicians during the past three years. Plaintiff was employed as such a technician.

Plaintiff alleges that he and the putative class members were employees-in-fact but were intentionally misclassified by Defendants as independent contractors in an effort to circumvent the minimum-wage and overtime provisions of the FLSA. Plaintiff asserts that he and the putative class members are similarly situated in terms of job duties and classification status, as well as because they all are (or were) subject to the same or similar pay structure and because they all worked similar hours. Plaintiff presently seeks conditional certification of this action as an FLSA collective action with the proposed FLSA class to be defined as:

> *All roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years.*

Plaintiff further requests that the Court approve a court-supervised notice to the putative class members, that the Court require Defendants to identify potential opt-in plaintiffs by promptly providing an updated computer-readable data file containing contact information for those individuals, and that the Court appoint Sommers Schwartz, P.C., and Johnson Becker, PLLC, as interim class counsel.

DISCUSSION

The FLSA provides that an employee may bring a claim "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). A collective action under the FLSA permits similarly situated employees to opt in to the action, unlike the opt-out approach typically utilized under Federal Rule of Civil Procedure 23. An opt-in action under § 216(b) prohibits any person from becoming a party plaintiff in the collective action unless he or she files a written consent with the Court; therefore,

these similarly situated employees must be notified of the lawsuit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Sixth Circuit utilizes a two-step approach for the certification of collective actions under the FLSA. *Id.* The first stage,[1] "conditional certification," occurs at the beginning of discovery. At this stage, the Court must determine whether notice of the pending action and the opportunity to opt in should be given to potential class members. *See Jones-Turner v. Yellow Enter. Sys., LLC*, 2007 WL 3145980, at *1 (W.D. Ky. Oct. 25, 2007); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, 2007 WL 293865, at *5 (E.D. Ky. Jan. 26, 2007). A plaintiff seeking to certify a collective action bears the burden of establishing that he and the proposed class he seeks to represent are similarly situated. *See Jones-Turner*, 2007 WL 3145980, at *1. However, because conditional certification decisions generally are made prior to discovery, a plaintiff's evidentiary burden is not a heavy one. "Generally speaking, at the first stage of conditional certification, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at *2 (citation omitted). Thus, the named plaintiff need merely provide a modest factual showing to demonstrate that he is similarly situated to the putative class members. *Id.* (citing *Comer*, 454 F.3d at 547).

Upon reviewing Plaintiff's Motion and attached Declaration and exhibits, (*see* Docket Nos. 7; 7-2; 7-3; 7-4), and considering the absence of any response in opposition by either Defendant, the Court is satisfied that Plaintiff has met his burden

---

[1] The second stage occurs later in the litigation after all opt-in forms have been received and discovery has concluded. *See Comer*, 454 F.3d at 547.

and made the requisite factual showing for conditional certification of a collective action. The Court is further satisfied that the definition of Plaintiff's proposed collective action group is proper. As such, the Court will GRANT Plaintiff's request for conditional certification.

As for the issuance of notice, the FLSA is notably silent on how notification should be given to other similarly situated persons in § 216(b) collective actions. The Supreme Court has acknowledged that judicial notice to a putative class in FLSA collective actions is proper in appropriate cases. *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989). Having determined that Plaintiff has shown that the current and former employees to be notified are similarly situated with him, the Court has discretion to authorize notification of those individuals to allow them to opt in to the lawsuit. *Comer*, 454 F.3d at 546. The Court is satisfied that judicial notice is appropriate here for several reasons. For one, the conditional certification of a collective action under § 216(b), unlike class actions under Rule 23, does not toll the statute of limitations of potential plaintiffs. *Id.* Thus, judicial notice protects these claims by informing similarly situated employees of the facts needed to make an informed decision whether to opt in to the collective action. *See Hoffman-La Roche*, 493 U.S. at 170. For another, judicial notice promotes judicial economy by helping to avoid duplicative litigation. *See id.* at 172. Furthermore, Plaintiff's proposed notice is substantially similar to FLSA collective claim notices approved by other courts, including other district courts in this circuit, in FLSA collective actions. *See, e.g.*, *Shipes v. Amurcon Corp.*, No. 2:10-CV-14943 (E.D. Mich. May 17, 2012), Docket No. 91-2; *Aguilera v. Mich. Turkey Producers Coop.*, No. 1:09-CV-00420 (W.D. Mich.

February 10, 2010), Docket No. 49-2. Therefore, the Court will GRANT Plaintiff's request for approval of the proposed class notice.

Next, Plaintiff seeks an order directing Defendants to identify all potential opt-in plaintiffs. Specifically, Plaintiff requests that the following information be produced:

> A list in electronic format and importable format, of all individuals who worked for Defendants as [a] roadside assistance technician during the past three years, including each roadside assistance technician's name, job title, address, telephone number, email address, dates of employment, location of employment, date of birth, and last four digits of his Social Security number.

(Docket No. 7, at 25.) The Supreme Court has approved the discovery of potential class members' names and addresses in order to facilitate effective notice. *Hoffman-La Roche*, 493 U.S. at 170. More recently, other district courts, both within and without this circuit, additionally have approved the discovery of potential class members' telephone numbers, dates of employment, locations of employment, and dates of birth. *See, e.g.*, *Fisher v. Mich. Bell Tele. Co.*, 665 F. Supp. 2d 819, 830 (E.D. Mich. 2009); *Russell v. Ill. Bell Tele. Co.*, 575 F. Supp. 2d 930, 939-40 (N.D. Ill. 2008); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371-72 (S.D.N.Y. 2007). While at least one court has approved the discovery of partial Social Security numbers, *see Lynch*, 491 F. Supp. 2d at 371-72, others, including at least one court in this circuit, have not, *see Fisher*, 665 F. Supp. 2d at 830; *Russell*, 575 F. Supp. 2d at 939-40. Like the courts in *Fisher* and *Russell*, this Court is not persuaded that the discovery of partial Social Security numbers is necessary. As the Court has approved the sending of notice to the putative class members, and given that Defendants have not responded in opposition to this request, the Court will GRANT Plaintiff's request and order Defendants to produce

the requested information, with the exception of the putative plaintiffs' Social Security numbers. The information to be provided under this Order may only be used for the purpose of notifying potential plaintiffs in this action and may only be disseminated among Plaintiffs' counsel.

Finally, Plaintiff requests that the Court appoint the law firms of Sommers Schwartz, P.C., and Johnson Becker, PLLC, as interim class counsel. The appointment of interim class counsel is governed by Federal Rule of Civil Procedure 23(g)(3). Courts routinely use the factors in Rule 23(g)(1) when appointing interim class counsel prior to class certification. "When one applicant seeks appointment as class counsel," as is the case here, "the court may appoint the applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2). Rule 23(g)(4) simply requires that class counsel fairly adequate and adequately represent the interests of the class. Upon reviewing Plaintiff's Motion and the pertinent exhibits thereto, the Court is satisfied that these firms satisfy the requirements of Rule 23(g) and, so, will GRANT Plaintiff's request and appoint Jason J. Thompson of Sommers Schwartz, P.C., and Timothy J. Becker of Johnson Becker, PLLC, as interim class counsel.

CONCLUSION

Having considered Plaintiff's Motion for Conditional Class Certification, (Docket No. 7), and being otherwise sufficiently advised;

IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion, (Docket No. 7), is GRANTED consistent with the foregoing discussion;

(2) The proposed collective FSLA class is hereby conditionally certified and defined as:

> *All roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years.*

(3) Defendants shall produce to Plaintiff's counsel, within 10 days of entry of this Order, a list in electronic format and importable format, of all individuals who worked for Defendants as roadside assistance technicians during the past three years, including each roadside assistance technician's (1) name; (2) job title; (3) last known address; (4) telephone number; (5) email address, if available; (6) dates of employment; (7) location of employment; and (8) date of birth;

(4) The Court-approved "Notice of Collective Action," attached below, shall be sent via first class U.S. mail and, where possible, via email, to all roadside assistance technicians who worked for Defendants and were classified by Defendants as independent contractors at any time in the past three years; and

(5) Jason J. Thompson of Sommers Schwartz, P.C., and Timothy J. Becker of Johnson Becker, PLLC, are hereby appointed as interim class counsel.

IT IS SO ORDERED.

Date:

cc: Counsel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**RICHARD ROSS**, individually and on
behalf of all others similarly situated,         Civil Action No. 3:14-CV-00044-TBR

      Plaintiff,

v.

**JACK RABBIT SERVICES, LLC**,
a Kentucky limited liability company;
**JACK RABBIT USA, LLC**, a Florida
limited liability company; jointly and severally,

      Defendants.
_____

## NOTICE OF RIGHT TO OPT IN TO LAWSUIT

TO:    ALL ROADSIDE ASSISTANCE TECHNICIANS WHO WORKED FOR DEFENDANTS AS INDEPENDENT CONTRACTORS AT ANY TIME IN THE PAST THREE YEARS

RE:    FAIR LABOR STANDARDS LAWSUIT FILED AGAINST JACK RABBIT SERVICES, LLC, AND JACK RABBIT USA, LLC

The purpose of this Notice is to inform you of a collective action lawsuit filed in which you are potentially "similarly situated" to the named Plaintiff, Richard Ross, to advise you of how your rights may be affected by this action, and to inform you of the procedure to make a claim if you chose to do so.

1.    INTRODUCTION

On January 20, 2014, an action was filed against Jack Rabbit Services, LLC, and Jack Rabbit USA, LLC, (hereinafter "Defendants"), in the United States District Court for the Western District of Kentucky. Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), permits employees to band together to collectively enforce their federal minimum wage and overtime rights and the Court has authorized us to send you this Notice.

As an individual who worked for Defendants as an "independent contractor", you have the right to join this lawsuit if you wish. **The law prohibits any Defendant from retaliating against you for exercising your rights under the FLSA, including signing this Notice and joining this lawsuit. It is illegal for Defendants to fire you or retaliate against you in any manner because you choose to participate in this lawsuit. Your right to participate in this lawsuit by signing this Notice has not been lost or released even if you have signed any document indicating that you did not intend to join the lawsuit or that you act as an "independent contractor" in connection with your service for Defendants.**

If the case is successful, the FLSA authorizes the Court to award you back pay or damages, plus an equal amount as liquidated damages (double damages), plus costs and attorneys' fees.

2.  DESCRIPTION OF THE LAWSUIT

    The lawsuit alleges that Defendants violated the FLSA by misclassifying its employees as independent contractors, by failing to pay its workers a minimum wage for all time worked, and overtime wages when applicable, and by making improper and unlawful deductions from employee pay to account for: 1) alleged damage to customer vehicles; 2) alleged mileage miscalculations; and 3) alleged insurer refusal to pay mileage invoices exceeding certain distances. Plaintiff alleges that he and the Class members are entitled to recover for all hours of time that Defendants failed to properly compensate them for. Plaintiffs also seek an additional equal amount as liquidated damages, as well as attorneys' fees and costs. This litigation is currently in the early pretrial stage.

    Defendants deny Plaintiff's allegations that they has violated the FLSA or failed to properly pay their workers, and have further denied Plaintiff's allegations that they are liable to Plaintiff and Class members under any circumstances.

3.  PERSONS ELIGIBLE TO RECEIVE THIS NOTICE

    The United States District Court for the Western District of Kentucky has approved this Notice to be distributed to:

    > **All roadside assistance technicians who worked for Defendants and were misclassified by Defendants as independent contractors at any time in the past three years.**

4.  YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

    If you meet the description in preceding Paragraph and believe that Defendants failed to pay you minimum wages or other compensation for the time you spent working for them, you may join and participate in this lawsuit if you wish. It is entirely your own decision whether to join this lawsuit.

5.  EFFECT OF JOINING THIS LAWSUIT

    If you choose to join this lawsuit, you will be bound by any judgment entered by the Court, whether favorable or unfavorable. That means that, if Plaintiff wins, you likely will be eligible to share in the monetary award approved by the Court; likewise, if Plaintiff loses, no money will be awarded to you, but you also will not be able to file or join any other lawsuit related to the matters that were decided in this case.

    By joining this lawsuit you agree to stay in contact with class counsel throughout the pendency of the lawsuit and to provide timely assistance to the attorneys and their staff, including preserving and providing documents and discovery responses, returning phone calls

and emails, and testifying at depositions and trial.

6. <u>NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT</u>

   If you choose not to join this lawsuit, you will not be affected or bound by any judgment entered in this case, you will not receive any back pay or liquidated damages as part of this case, and you will retain any legal rights you may have to file a lawsuit or complaint of your own against Defendants.

7. <u>REPRESENTATION BY CLASS COUNSEL</u>

   Unless you retain other legal counsel, at your own expense, you will be represented in this lawsuit by the Sommers Schwartz, P.C., and Johnson Becker, PLLC, firms ("class counsel"). No prepayment of legal fees or costs is required. If the case is successful, class counsel will seek to recover their costs and attorneys' fees either from Defendants or from any settlement or recovery approved by the Court.

   If this collective action is later decertified, class counsel will inform you of your options; and class counsel may ask you to enter into a separate written retainer agreement at that time.

8. <u>HOW TO JOIN THIS LAWSUIT</u>

   If you wish to join this lawsuit, please complete and return the enclosed Consent to Join form **no later than June 10, 2014**, to:

   Veronica Stewart
   Sommers Scwhartz, P.C.
   One Towne Square, Suite 1700
   Southfield, Michigan 48076
   Phone**:** (248) 746-4056
   Fax: (248) 936-2147
   vstewart@sommerspc.com

   **WE MUST RECEIVE YOUR SIGNED CONSENT TO JOIN FORM BY <u>JUNE 10, 2014</u> FOR YOU TO BE ELIGIBLE TO PARTICIPATE IN THIS LAWSUIT**.

9. <u>DEADLINE</u>

   Your completed Consent to Join form must be filed with the Court by **June 10, 2014**, in order to be eligible to participate in this lawsuit. You should ensure that it is received by Ms. Stewart at the address indicated in paragraph 8 above before that date.

10. <u>NO OPINION EXPRESSED AS TO MERITS OF THIS LAWSUIT</u>

    Although this Notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiff's claims or Defendants' defenses, and there is no

assurance that the Court will grant any relief to you or the Plaintiffs in this case.

11. <u>FURTHER INFORMATION</u>

For further information about this lawsuit, you may contact Plaintiffs' counsel at the addresses, telephone number, or email addresses below:

| | |
|---|---|
| Jason J. Thompson | Timothy J. Becker |
| Sommers Schwartz, P.C. | Johnson Becker PLLC |
| 2000 Town Center, Suite 900 | 33 South 6th Street, Suite 4530 |
| Southfield, MI 48075-1100 | Minneapolis, MN 55402 |
| (248) 355-0300 | (612) 436-1804 |
| jthompson@sommerspc.com | tbecker@johnsonbecker.com |

**PLEASE DO NOT ATTEMPT TO CONTACT
THE COURT REGARDING THIS LAWSUIT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**RICHARD ROSS**, individually and on
behalf of all others similarly situated,

Civil Action No. 3:14-CV-00044-TBR

    Plaintiff,

v.

**JACK RABBIT SERVICES, LLC**,
a Kentucky limited liability company;
**JACK RABBIT USA, LLC**, a Florida
limited liability company; jointly and severally,

    Defendants.

_____

## CONSENT TO JOIN

    1.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), I hereby consent to join and act as a plaintiff in the above-captioned lawsuit.

    2.    I agree to be bound by any adjudication or court rulings in the lawsuit, whether favorable or unfavorable.

    3.    I hereby designate the law firms of Sommers Schwartz, P.C. and Johnson Becker, PLLC, to represent me in the lawsuit under the terms and conditions set forth on the following page.

Signature: _____

Print Name: _____

Street Address: _____

City, St, Zip: _____

Telephone: _____

Date Signed: _____