UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICHARD ROSS, Plaintiff,

v. Civil Action No. 3:14-cv-44-DJH

JACK RABBIT SERVICES, LLC, et al., Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

The parties have filed a Joint Motion for Approval of Proposed Settlement, Incentive Award, and an Award of Attorneys' Fees and Costs, and seek dismissal of this action with prejudice. (Docket Nos. 131, 133) For the reasons discussed below, the Court finds that the settlement agreement, incentive award, and attorneys' fees and costs are fair and reasonable. Therefore, the parties' motion will be granted.

**I. BACKGROUND**

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). The FLSA guarantees employees certain rights, like fair compensation, overtime pay, and minimum-wage. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, \*2 (E.D. Ky. Oct. 23, 2008); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). Only employees are afforded these protections; independent contractors are not protected under the FLSA. *Keller*, 781 F.3d at 806. "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

1

Defendants either currently employ or formerly employed Plaintiffs as roadside assistance technicians. (D.N. 88, PageID # 874–75) Plaintiffs allege that Defendants violated the FLSA by:

> (1) misclassifying roadside assistance technicians as independent contractors; (2) failing to pay roadside assistance technicians the minimum wage in violation of FLSA and state wage and hour laws; (3) knowingly suffering and permitting Plaintiff and the putative Class members to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one-and-one half times their regular rate; (4) improperly reducing pay to Plaintiffs and the putative Class members through unlawful deductions; and (5) adopting and implementing employment policies which violate the FLSA and state wage and hour laws.

(*Id.*, PageID # 875) The basis of these allegations is that Defendants required Plaintiffs to sign an "Independent Contractor Agreement" that did not provide for the minimum wage, proper overtime compensation, and subjected them to pay reductions through "damage" deductions. (D.N. 88, PageID # 881) Plaintiffs assert that this alleged misclassification as independent contractors was a means for the Defendants "to coerce workers in the Class to waive their statutory rights" under the FLSA. (*Id.*, PageID # 883) For their recovery, Plaintiffs sought damages, back pay, restitution, liquidated damages, declaratory relief, civil penalties, prejudgment interest, and reasonable attorneys' fees and costs. (*Id.*, PageID # 875–76)

After nearly three years litigating this case, the parties successfully negotiated a settlement and have attached a copy of the resulting settlement agreement to their motion. (*See* D.N. 131-4) The settlement agreement disposes of all claims and describes the various payments Defendants will make to Plaintiffs and Plaintiffs' counsel. (*Id.*, PageID # 1376–79) The settlement agreement provides that the named plaintiffs are to receive an incentive award in the amount of $15,000. (*Id.*, PageID # 1376) Plaintiffs will receive as damages an amount equal to $25.00 per week worked, or $50.00 per week worked for Plaintiffs in California, but these

2

payments shall not exceed $65,000. (*Id.*) Plaintiffs' counsel will receive $42,000 for expenses and costs, as well as attorneys' fees in an amount no less than $58,000. (*Id.*)

## II. STANDARD

Like a settlement agreement pursuant to Fed. R. Civ. P. 23(e)(1)(C), courts in the Sixth Circuit require a settlement agreement under the FLSA to be approved by the court. *See Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016); *Arrington v. Mich. Bell. Tel. Co.*, No. 10-10975, 2012 U.S. Dist. LEXIS 157362, at *2 (E.D. Mich. Nov. 2, 2012); *Crawford*, 2008 WL 4724499 at *3. The Sixth Circuit has identified seven factors that aid courts in determining whether a class-action settlement is fair: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Crawford*, 2008 WL 4724499 at *3 (quoting *Redington v. Goodyear Tire & Rubber Co.*, No. 5:07CV1999, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008)). These factors apply to settlement agreements made in FLSA actions, *see id.*, and must be considered along with the federal policy favoring settlement of class actions. *See Int'l Union*, 497 F.3d at 632.

## III. DISCUSSION

### A. Settlement Agreement Terms

As a preliminary matter, the Court must determine whether a bona fide dispute exists. The FLSA creates a statutory entitlement that employers and employees generally may not agree to pay or receive less than what the statute provides for. *Crawford*, 2008 WL 4724499, *3 (citing *Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947 (W.D. Mich. 2002). However, a federal district court may approve the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.* (citing *Lynn's Food Stores v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). A federal district court approving any settlement of claims must determine whether a bona fide dispute exists to ensure that plaintiff employees have not relinquished their rights to compensation guaranteed by the statute. *Id.* "Without a bona fide dispute, no settlement could be fair and reasonable. Thus, some doubt must exist that Plaintiffs would succeed on the merits through litigation of their claims." *Collins v. Sanderson Farms, Inc.*, 586 F. Supp. 2d 714, 719–20 (E.D. La. 2008).

Despite the parties' assertion that there is a bona fide dispute over whether Defendants violated the FLSA (D.N. 131-1, PageID # 1361), the Court must make its own assessment. *See Collins* 586 F. Supp. 2d at 719. At the heart of Plaintiffs' claims is the assertion that they were really employees under the FLSA, rather than independent contractors. (D.N. 88, PageID # 882–84) The parties' joint motion indicates that Defendants still deny this assertion. (D.N. 131-1, PageID # 1358)

"Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947). The FLSA defines "employee"

as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "'Employ' includes to suffer or permit to work." *Id.* § 203(g). It has been held that "employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984). This economic realities test consists of six factors: (1) the permanency of the relationship between the parties; (2) the degree of skill required for the rendering of the services; (3) the worker's investment in equipment or materials for the task; (4) the worker's opportunity for profit or loss, depending upon his skill; (5) the degree of the alleged employer's right to control the manner in which the work is performed; and (6) whether the service rendered is an integral part of the alleged employer's business. *Keller*, 781 F.3d at 807. "Whether a FLSA plaintiff is an employee is a mixed question of law and fact." *Id.* at 806. At this point, the facts relevant to the above factors remain disputed by the parties and therefore the Court cannot determine Plaintiffs' status as a matter of law. *See Lilley v. BTM Corp.*, 958 F.2d 746, 750 n.1 (6th Cir. 1992). Accordingly, the Court finds that there is a bona fide dispute as to whether Plaintiffs are employees or independent contractors. The Court will now proceed with the Sixth Circuit's seven-factor analysis to conclude whether the settlement agreement is fair and reasonable. *See Int'l Union*, 497 F.3d at 631.

**1. Fraud or Collusion**

"In the absence of evidence to the contrary, the court may presume that no fraud occurred and that there was no collusion between counsel." *Crawford*, 2008 WL 4724499 at *6. This action was filed almost three years ago. Since then, the parties have engaged in substantial discovery and good faith settlement negotiations before Magistrate Judge Dave Whalin. (*See* D.N. 128) No evidence of fraud or collusion exists here. Therefore, the Court finds that the settlement agreement was the result of arm's length, good-faith negotiations.

**2. The Complexity, Expense, and Likely Duration of the Litigation**

"[T]he Court must also weigh the risks, expense and delay Plaintiffs would face if they continued to prosecute the litigation through trial and appeal." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, No. 3:11-MD-2308-TBR, 2013 WL 2010702, at *5 (W.D. Ky. May 13, 2013) (quoting *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531 (E.D. Ky. 2010)). As the joint memorandum indicates, this case involves multiple issues concerning "(1) whether Plaintiffs are employees or independent contractors; (2) whether the Defendants are jointly liable to Plaintiffs; and (3) whether all defendants are proper as part of a common, joint-enterprise or whether they are separate and distinct organizations operating autonomously from each other." (D.N. 131-1, PageID # 1363) The joint memorandum also indicates that the Defendants plan file a motion to decertify the class, which could complicate this case further and delay resolution of this matter. (*Id.*) The parties' continued disagreement over these issues is likely to add additional expenses for both parties and prolong litigation. This matter has already been pending for nearly three years. In light of these considerations, the Court finds that this factor weighs in favor of finding the settlement fair and reasonable.

**3. The Amount of Discovery Engaged in by the Parties**

In the joint memorandum, the parties explain that they each have sent and responded to written discovery requests, such as interrogatories and document requests. (D.N. 131-1, PageID # 1364) Several depositions have also been conducted. (*Id.*) This substantial discovery conducted prior to settlement weighs in favor of finding the settlement fair and reasonable.

**4. The Likelihood of Success on the Merits**

The Court must "weigh[] the plaintiff[s'] likelihood of success on the merits against the amount and form of the relief offered in the settlement." *In re Sketchers Toning Shoe Prods.*

*Liab. Litig.*, 2013 WL 2010702, at *6 (quoting *Int'l Union*, 497 F.3d at 631). Both parties maintain that they would be successful if this matter proceeds to trial. (D.N. 131-1, PageID # 1363) However, both parties also recognize the risks they each face by proceeding. (*Id.*, PageID # 1361) Before the merits of the case can be reached, Defendants indicate they will move to decertify the class. (*Id.*, PageID # 1363) In addition to this initial class certification hurdle, Plaintiffs will have to prove their case.

As mentioned, being labeled as an independent contractor does not necessarily remove a worker from FLSA protection. *See Rutherford Food Corp.*, 331 U.S. at 729. However, Plaintiffs must prove the six-factor economic realities test, which has had varying results in disputes over employment status. *Compare Chao v. First Nat'l Lending Corp.*, 516 F. Supp. 2d 895, 900 (N.D. Ohio 2006) (holding loan officers were employees, not independent contractors, after applying the economic realities test) *with Donovan*, 736 F.2d at 1120 (affirming lower court's conclusion that farm workers were independent contractors, not employees, after applying the economic realities test).

If Plaintiffs are not successful in arguing that they were employees, rather than independent contractors, they will recover nothing. Even if Plaintiffs are successful and obtain a large recovery, the parties indicate that the financial solvency of Defendants would be of significant concern to Plaintiffs. (*Id.*, PageID # 1358, 1365)

These risks should be weighed against the relief provided for in the settlement agreement. Here, Plaintiffs will receive monetary compensation, which was contemplated along with possible solvency and collectability issues that might present later on. The settlement agreement states that the named plaintiffs and their attorneys believe the settlement is "in the best interest of Named Plaintiffs and the Opt-in Plaintiffs" and "confers substantial benefits upon Named

7

Plaintiffs and the Opt-in Plaintiffs." (D.N. 131-4, PageID # 1376) Weighing this against the likelihood of success on the merits, this factor favors finding the settlement fair and reasonable.

### 5. The Opinions of Class Counsel and Class Representatives

"In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *6. Plaintiffs' counsel, Kevin J. Stoops submitted a declaration in support of the joint motion for settlement approval. (D.N. 131-7) No such declarations were submitted by the class representatives. However, in his declaration, Mr. Stoops notes that his support of the joint motion is based in part on his discussions with Plaintiffs themselves. (D.N. 131-7, PageID # 1402) He reports that he and Plaintiffs weighed the risks and benefits of the settlement as compared to continuing litigation. (*Id.*) As reported by counsel, this factor weighs in favor of finding the settlement fair and reasonable.

### 6. The Reaction of Absent Class Members

The sixth factor is the reaction of absent class members. At the end of the opt-in period, there were 236 plaintiffs. (D.N. 131-1, PageID # 1356) Over the course of discovery, a number of plaintiffs failed to participate and were dismissed. (*Id.*) At this time, sixty-six Plaintiffs remain. (*Id.*, PageID # 1357) There is no opt-out mechanism in FLSA actions as there are with class actions under Federal Rule of Civil Procedure Rule 23. *See Crawford*, 2008 WL 4724499 at *8. However, no objections have been made to the settlement. Therefore, this factor weighs in favor of finding the settlement fair and reasonable.

### 7. The Public Interest

"There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *7. "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *Crawford*, 2008 WL 4724499 at *9 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1353). Both parties acknowledge the expense and risk of going forward with litigation, and the Court finds that the settlement is a reasonable compromise over disputed issues. Therefore, this factor favors finding the settlement fair and reasonable.

Given that all six factors weigh in favor of finding the settlement agreement fair and reasonable, the Court will approve the settlement agreement.

### B. Incentive Award

The parties' joint motion also seeks approval of the incentive award provided to the named plaintiffs. (D.N. 131) The settlement agreement provides that a $15,000 incentive award be paid to and distributed between the named plaintiffs. (D.N. 131-1, PageID # 1376) "Such awards are not uncommon, and 'courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio, Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000). "The Sixth Circuit has held that incentive awards to class representatives may be appropriate in some cases, but has not defined circumstances justifying

incentive awards." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *14 (quoting *Lonardo v. Travelers Indem. Co.*, No. 1:06-cv-962, 2010 WL 1416698, at *18 (N.D. Ohio Mar. 31, 2010)). In determining whether to approve incentive awards, courts in the Sixth Circuit have looked at the following factors:

> (1) the action taken by the Class Representatives to protect the interests of the Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

*Id.* (quoting *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991)).

Evidence of some the above factors can be found in the parties' joint motion and the record. For example, the joint motion indicates that as discovery progressed, a number of plaintiffs who failed to participate were dismissed from the case, including named-plaintiff Andy Ravert. (D.N. 131-1, PageID # 1356) Thus, it appears that those who will receive an incentive award actually participated. Additionally, the record reflects that named-plaintiff Richard Ross participated in the litigation, including attending the settlement conference on behalf of the class. (*See* D.N. 128) The Court finds further support for the incentive award in the fact that no objections were filed. The incentive award, as agreed to by the defendants, is approved.

**C. Attorneys' Fees**

The parties' joint motion also seeks approval of the attorneys' fees and costs as outlined in the settlement agreement. In an action under § 216(b) of the FLSA, like this, "[a]n award of attorney fees. . .is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994); *see* 29 U.S.C. § 216(b). The attorneys' fee award must be reasonable. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing

*Blum v. Stenson*, 465 U.S. 886, 893 (1984)). A reasonable fee is one that is adequate to attract competent counsel but does not produce windfalls to attorneys. *Id.*

While the settlement agreement provides for "an amount no less than $58,000" (D.N. 131-4, PageID # 1376), the memorandum in support of the joint motion specifically seeks $58,500 in attorneys' fees. (D.N. 131-1, PageID # 1369) The joint memorandum proposes that the award of attorneys' fees is reasonable because the award is consistent with the lodestar amount. (*Id.*, PageID # 1369) Under the lodestar method of calculation, the Court "multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016) (internal quotation marks omitted) (citing *Bldg. Serv. Local 57 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)).

Plaintiffs' counsel, Mr. Stoops, states in his declaration that over 1,140.27 hours were invested in this case. (D.N. 131-7, PageID # 1399) Of these hours, 798.4 hours were spent by attorneys and 341.87 hours were spent by paralegals. (*Id.*, PageID # 1400) Mr. Stoops claims that the rate he customarily charges is $425 per hour, which would mean that attorneys' fees in this case amount to $339,320.00. (*Id.*, PageID # 1401) The amount Plaintiffs' counsel seeks in the settlement agreement is significantly less than $339,320.00. By dividing the fee sought in the settlement agreement ($58,500) by the total number of hours worked (1,140.27), the calculated hourly rate charged is $51.30 per hour. This is significantly lower than the rate customarily charged by Mr. Stoops and, as he points out in his declaration, is within the range of hourly rates typically approved in the Sixth Circuit. (D.N. 131-7, PageID # 1401)

Additionally, the settlement agreement provides for another $42,000 in litigation expenses. (D.N. 131-1, PageID # 1377) Mr. Stoops reported that these costs, as well as the

11

attorneys' fees were reasonably and necessarily incurred in the prosecution of this case.  (*Id.*, PageID # 1400–01)  The defendants do not oppose the calculation of attorneys' fees or the costs. They agreed to the fees and costs in the settlement agreement and submitted this joint motion and memorandum in support of the settlement agreement with Plaintiffs.  Thus, the Court finds that the $58,500 attorneys' fee award and $42,000 for costs as reached in the settlement to be reasonable.

**IV. CONCLUSION**

Having considered the factors discussed above and finding that the settlement agreement is fair and reasonable, the Court approves the settlement agreement, the incentive award, and the attorneys' fees and costs.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The parties' Joint Motion for Approval of Proposed Settlement, Incentive Award, and an Award of Attorneys' Fees and Costs (D.N. 131) is **GRANTED**.

(2) This action stands **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and is **STRICKEN** from the Court's active docket.  All dates and deadlines set in this matter are **VACATED**.

 December 15, 2016

                                              **David J. Hale, Judge**
                                            **United States District Court**